### SUND v. CLUB BEACHCOMBERS, Inc., et al.

District Court, S. D. New York.
Oct. 30, 1941.

Irving L. Levey, of New York City (Mortimer Jay Goodstein, of New York City, of counsel), for plaintiff.

Deane Ramey and Judah B. Felshin, both of New York City, for defendants.

HULBERT, District Judge.

This action was commenced October 7, 1941. A motion for a preliminary injunction was made by the plaintiff and argued before Judge Conger, who reserved decision thereon.

It appears that a similar action was previously instituted, to which none of the defendants in this action were parties, and an injunction therein granted.

On October 16, 1941, the plaintiff obtained an order requiring the defendants to show cause on October 21, 1941, why leave should not be granted pursuant to Rule 26, Federal Rules of Civil Practice, 28 U.S.C.A. following section 723c, permitting the plaintiff to examine certain of the defendants, as parties, and two witnesses, not defendants, for the purpose of ascertaining:

"(a) The relationship between the landlord and the defendants in this action;

"(b) The terms of the lease made between Trebuhs Realty Co., Inc., and Club Beachcombers, Inc.;

"(c) The negotiations leading up to the lease, mentioned in Subdivision B"
and directing said witnesses, and parties, to produce certain documents therein named.

In the moving affidavit the attorney for the plaintiff states: "An order to show cause is respectfully prayed for so that this motion may be argued expeditiously and the results presented to the Court who has heard the motion for a preliminary injunction."

On the return day the motion was adjourned to Friday, Oct. 24th, and on that day, to Tuesday, Oct. 28, 1941, when a request to refer the motion to Judge Conger was denied, and argument was had before me.

In drafting the Rules, it was recognized that an examination under Rule 26 might be necessary before answer, but, as the Rule wisely provides, there must be an application to the court. I think it is a fair construction that in passing upon such an application, the court is bound to exercise a sound discretion based upon a showing of necessity, or that it would be prejudicial to the party seeking the order to be compelled to await the joinder of issue.

The disclosed purpose of the examination was "that the results might be presented to the judge before whom the motion for a preliminary injunction is pending."

There is no evidence in the moving papers that Judge Conger suggested, approved of, or is awaiting, the information sought by this motion.

I do not feel that plaintiff has brought herself within the Rule, and the motion is denied, without prejudice. Submit order.